UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHRISTIAN BURNS,

Plaintiff,

v.

KIKIKTAGRUK INUPIAT CORPORATION INC., a foreign For-Profit Corporation, and MIDNIGHT SUN GLOBAL SERVICES LLC, A foreign Limited Liability Company,

Defendants.

No.  3:24-cv-05228

NOTICE OF REMOVAL

TO:    United States District Court for the Western District of Washington at Tacoma

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendants Kikiktagruk Inupiat Corporation, Inc. and Midnight Sun Global Services LLC ("Defendants"), hereby remove this action from Thurston County Superior Court to the United States District Court for the Western District of Washington at Tacoma. This Notice of Removal is filed subject to and with full reservation of rights. No admission of fact, law, or liability is intended by this Notice of Removal and all defenses, motions, and pleas are expressly reserved.

In support of this Notice, Defendants state as follows:

1.    On February 22, 2024, Plaintiff Christian Burns served the initial Summons and Complaint on Defendant Midnight Sun Global Services LLC. True and correct copies of the Summons and Complaint are attached hereto as **Exhibit A**. As of the date of this filing, Kikiktagruk Inupiat Corporation has not yet been served.

NOTICE OF REMOVAL
(Case No. 3:24-cv-05228) - 1
4856-7186-2954v.1 0050033-001545

2.      To date, Plaintiff has not filed his Complaint with the Clerk of the Court in Thurston County Superior Court.

### DEFENDANTS HAVE SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

3.      This Notice of Removal is timely because Defendants are filing it within 30 days after service of the Summons and Complaint. 28 U.S.C. § 1446(b).

4.      Venue is proper in the Western District of Washington because Plaintiff alleges Defendants transacted business in Thurston County at the time Plaintiff's alleged claims arose, and that he performed work for Defendants in Thurston County, Washington. *See* **Exhibit A** at ¶ 2.7; RCW 4.12.020.

5.      Defendants have not yet filed an Answer, but will do so in compliance with the deadline set forth in Fed. R. Civ. P 81(c)(2).

6.      The Summons and Complaint served on Defendant Midnight Sun Global Services LLC constitutes all process, pleadings, and orders served under the Thurston County caption in this action within the meaning of 28 U.S.C. § 1446(a). As of the date of this filing, Kikiktagruk Inupiat Corporation has not yet been served. No state court record exists as this case has not yet been filed in state court.

7.      The removal of this action terminates all proceedings in Thurston County Superior Court. *See* 28 U.S.C. § 1446(d).

### THIS ACTION IS REMOVABLE UNDER WA CR 3 AND 28 U.S.C. § 1332

8.      This action is removable because it is being filed within 30 days of commencement of the action, which occurred when Defendant Midnight Sun Global Services LLC was served with Plaintiff's Complaint. *See* Wash. Superior Ct. Civil Rule 3(a); *see also Seattle Seahawks, Inc. v. King Cnty.*, 128 Wn.2d 915, 917, 913 P.2d 375, 376 (1996) ("a civil action is commenced by filing *or* by service of the summons and complaint.") (emphasis added); *Sutter v. Glob. Equity Fin., Inc.*, 2:22-CV-00105-MKD, 2022 WL 4104344, at *1 (E.D. Wash.

NOTICE OF REMOVAL
(Case No. 3:24-cv-05228) - 2
4856-7186-2954v.1 0050033-001545

Sept. 8, 2022) ("a cognizable civil action can comment in Washington state court before a plaintiff files the complaint.").

9.      This action is removable under 28 U.S.C. § 1332 because the parties are completely diverse and Defendants reasonably anticipate the amount in controversy exceeds $75,000.00. *See* infra ¶¶ 15-16.

10.     Plaintiff's Complaint admits that Plaintiff "is a resident of the State of Washington." **Exhibit A** at ¶ 2.2.

11.     Defendant Kikiktagruk Inupiat Corporation, Inc. is an Alaska Native Corporation organized under the Alaska Native Claims Settlement Act. Its headquarters is located in Kotzebue, Alaska and it maintains corporate offices in Anchorage, Alaska and Vienna, Virginia. Declaration of Thomas Kennedy ("Kennedy Decl.") ¶ 2.

12.     Defendant Kikiktagruk Inupiat Corporation, Inc. did not maintain offices in the State of Washington at any time during Plaintiff's employment. *Id.* ¶ 3.

13.     Defendant Midnight Sun Global Services is a Limited Liability Company. Its sole member is Kikiktagruk Inupiat Corporation, Inc., which is an Alaska Native Corporation. *Id.* ¶ 4; *Cannamark, Inc. v. Lighthouse Strategies, LLC*, 2019 WL 77056, at *2 (W.D. Wash. Jan. 2, 2019) ("A limited liability company, like a partnership, is a citizen of every state of which its owners/members are citizens.") (internal quotations omitted).

14.     Defendants deny the allegations in the Complaint and specifically deny that they violated Washington law. However, based on the allegations in the Complaint and the legal theories alleged, which include an entitlement to compensatory and general damages, as well as attorneys' fees, costs and interest, Plaintiff's claims have put the $75,000 jurisdictional amount at issue. *See* 28 U.S.C. § 1332(a).

15.     "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee Basin Operating Co., LLC v. Owens,* 135 S. Ct. 547, 554

NOTICE OF REMOVAL
(Case No. 3:24-cv-05228) - 3
4856-7186-2954v.1 0050033-001545

(2014). In determining the amount in controversy, the court considers "all relief a court may grant on that complaint if the plaintiff is victorious," and the "the mere futurity of certain classes of damages [does not preclude] them from being part of the amount in controversy." *Chavez v. JPMorgan Chase & Co.,* 888 F.3d 413, 415 (9th Cir. 2018). Thus, among other asserted damages, "a court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met." *Fritsch v. Swift Transportation Co. of Arizona, LLC*, No. 18-55746, 2018 WL 3748667, at *6 (9th Cir. Aug. 8, 2018).

16.    Plaintiff alleges that as a result of his alleged discrimination and termination, he suffered damages including but not limited to wage loss, compensation, exemplary damages, liquidated damages, general damages, actual, consequential, incidental and/or statutory damages including attorneys' fees and any other damages owed under Washington law. **Exhibit A**, Section V. Plaintiff's annual salary at the time of his separation from employment was $80,000 per year. Kennedy Decl. ¶ 5. Without more, Plaintiff's alleged damages seeking front and back pay wage losses generally satisfy the $75,000 threshold. And, in addition to wage loss, Plaintiff has also alleged that he is entitled to attorneys' fees, which must also be considered when assessing whether the amount-in-controversy requirement has been met. *See, e.g.*, *Fritsch*, 2018 WL 3748667, at *6.

WHEREFORE, Defendants hereby remove the above-entitled action and respectfully give notice that the action is removed from the Thurston County Superior Court to the United States District Court for the Western District of Washington at Tacoma.

NOTICE OF REMOVAL
(Case No. 3:24-cv-05228) - 4
4856-7186-2954v.1 0050033-001545

Davis Wright Tremaine LLP
LAW OFFICES
929 108th Avenue NE, Suite 1500
Bellevue, WA  98004-4786
425.646.6100 main · 425.646.6199 fax

DATED this 22nd day of March, 2024.

Davis Wright Tremaine LLP
Attorneys for Defendants Kikiktagruk Inupiat
Corporation, Inc. and Midnight Sun Global
Services LLC


By  *s/ Melissa Mordy*
 Melissa Mordy, WSBA #41879
 929 108th Avenue NE, Suite 1500
 Bellevue, WA 98004-4786
 P: (425) 646-6100
 F: (425) 646-6199
 Email: mmordy@dwt.com

By  *s/ Katie Loberstein*
 Katie Loberstein, WSBA #51091
 920 Fifth Avenue, Suite 3300
 Seattle, WA  98104-1610
 P: (206) 622-3150
 F: (206) 757-7700
 Email: katieloberstein@dwt.com

NOTICE OF REMOVAL
(Case No. 3:24-cv-05228) - 5
4856-7186-2954v.1 0050033-001545

Davis Wright Tremaine LLP
LAW OFFICES
929 108th Avenue NE, Suite 1500
Bellevue, WA  98004-4786
425.646.6100 main · 425.646.6199 fax

**CERTIFICATE OF SERVICE**

I hereby certify that I caused the document to which this certificate is attached to be delivered to the following as indicated:

| | |
|---|---|
| Hardeep S. Rekhi<br>Gregory A. Wolk<br>Cameron Mease<br>REKHI & WOLK, P.S.<br>529 Warren Ave N. Suite 201<br>Seattle, WA 98109<br>Phone: (206) 388-5887<br>Email:  hardeep@rekhiwolk.com<br>          greg@rekhiwolk.com<br>          cameron@rekhiwolk.com | ☐ Messenger<br>☐ U.S. Mail, postage prepaid<br>☐ Federal Express<br>☐ Facsimile<br>☒ Email<br>☒ ECF |

*Attorneys for Plaintiff*

Declared under penalty of perjury under the laws of the State of Washington.

DATED this 22nd day of March, 2024.

Davis Wright Tremaine LLP
Attorneys for Defendants Kikiktagruk Inupiat Corporation, Inc. and Midnight Sun Global Services LLC

By  *s/ Melissa Mordy*
    Melissa Mordy, WSBA #41879
    929 108th Avenue NE, Suite 1500
    Bellevue, WA 98004-4786
    P: (425) 646-6100
    F: (425) 646-6199
    Email: mmordy@dwt.com

By  *s/ Katie Loberstein*
    Katie Loberstein, WSBA #51091
    920 Fifth Avenue, Suite 3300
    Seattle, WA  98104-1610
    P: (206) 622-3150
    F: (206) 757-7700
    Email: katieloberstein@dwt.com

NOTICE OF REMOVAL
(Case No. 3:24-cv-05228) - 6
4856-7186-2954v.1 0050033-001545